UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

David Bisson and Suzanne Brosseau,

    Plaintiffs,

    v.                                      Civil Action No. 2:13-cv-245

Jeremy Reppel, Alycia Horn, and
Joseph Yared,

    Defendants.

## OPINION AND ORDER
(Doc. 53)

This diversity action stems from a fire that destroyed a garage and damaged a dwelling on property that Plaintiffs David Bisson and Suzanne Brosseau (the "Bissons") were leasing to Defendants Alycia Horn (now Alycia Reppel) and Jeremy Reppel (the "Reppels").  According to the Amended Complaint, the Reppels had allowed Defendant Joseph Yared to reside at the property in violation of the lease, and the fire was caused by Yared's attempt to charge a car battery in the garage.  (Doc. 36 at 3–4.)  The Bissons allege that Yared had left the charger attached overnight for several days.  (*Id.* at 3.)

Previously in this case, the Court dismissed the Bissons' negligence and negligent-supervision claims against the Reppels.  (Doc. 21.)  The remaining claims are the Bissons' negligence claim against Yared, and their breach-of-contract claim against the Reppels.  On April 2, 2014, the Court granted the Bissons' motion to amend their contract claim, (Doc. 35), and the Bissons thereafter filed their Amended Complaint

(Doc. 36). On April 17, 2014, the Reppels filed an Answer as well as a Cross-Claim for implied indemnity against Yared. (Doc. 42.)

Currently pending before the Court is Yared's Rule 12(b)(6) Motion to Dismiss the Reppels' Cross-Claim (Doc. 53). Yared argues that the doctrine of implied indemnity does not apply because the Reppels' alleged violation of the lease (i.e., permitting him to reside at the premises) was an active cause of the fire and resulting damage. The Reppels oppose Yared's Motion. (Doc. 55.) Yared filed a Reply on June 30, 2014. (Doc. 58.) All parties have consented to direct assignment to the undersigned Magistrate Judge. (Docs. 2, 7, 16.) For the reasons stated below, Yared's Motion to Dismiss the Reppels' Cross-Claim (Doc. 53) is DENIED.

## Background

The factual allegations in the Reppels' Cross-Claim are as follows. On April 19, 2011, the Reppels entered into a lease with the Bissons to rent real property (the "Property") located in Colchester, Vermont for the period of May 1, 2011 to June 30, 2012. Beginning in December 2011, the Reppels allowed Yared to reside at the Property when he was in Vermont.

On April 29, 2012, a fire destroyed the garage and severely damaged the dwelling unit at the Property. At the time of the fire, Yared was allegedly attempting to charge the car battery of a Porsche in the garage. The fire originated in the vicinity of the Porsche. The Reppels were not in the State of Vermont at the time of the fire.

The Bissons allege that the Reppels breached the lease by failing to return the Property in the same condition as it was at the start of the lease, by failing to indemnify

2

the Bissons under the terms of the lease, and by allowing Yared to reside at the property in violation of a lease term limiting the number of occupants to two.

## Analysis

### I.  Rule 12(b)(6) Standard

To survive Yared's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the Reppels' Cross-Claim "'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also* Fed. R. Civ. P. 8(a)(2).[1] The Court must accept the factual allegations in the Cross-Claim as true and draw all reasonable inferences from those allegations in favor of the Reppels.  *Nielsen*, 746 F.3d at 62.  The Reppels' Cross-Claim is facially plausible only if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

### II.  Vermont's Law of Implied Indemnity

As the Court previously noted, the substantive law of Vermont applies in this diversity case.  (Doc. 21 at 4.)  The Reppels have the burden of establishing their right to indemnification.  *See White v. Quechee Lakes Landowners' Ass'n, Inc.*, 170 Vt. 25, 31, 742 A.2d 734, 738 (1999).  "The right to indemnity is an exception to the longstanding rule in Vermont barring contribution among joint tortfeasors."  *Knisely v. Cent. Vt. Hosp.*,

---

[1] This standard applies to the Reppels' Cross-Claim just as it would to a plaintiff's complaint. *See Corbeil v. Blood*, No. 5:10-cv-56, 2011 WL 2270403, at *3 (D. Vt. June 6, 2011) (articulating the Rule 12(b)(6) standard in the context of a motion to dismiss cross-claims for indemnification).

171 Vt. 644, 646, 769 A.2d 5, 8 (2000) (mem.) (citing *Chapman v. Sparta*, 167 Vt. 157, 159, 702 A.2d 132, 134 (1997)).  "Indemnity is available where (1) an express agreement or undertaking by one party to indemnify the other exists or (2) circumstances require the law to imply such an undertaking." *City of Burlington v. Arthur J. Gallagher & Co.*, 173 Vt. 484, 486, 788 A.2d 18, 21 (2001) (mem.) (citing *Bardwell Motor Inn, Inc. v. Accavallo*, 135 Vt. 571, 572, 381 A.2d 1061, 1062 (1977)).

Because "indemnification shifts the *entire* loss from one party to another, one who has taken an active part in negligently injuring another is not entitled to indemnification from a second tortfeasor who also negligently caused the injury." *White*, 170 Vt. at 29, 742 A.2d at 737 (internal citation omitted).  "'[I]ndemnity is a right accruing to a party who, without active fault, has been compelled by some legal obligation, such as a finding of vicarious liability, to pay damages occasioned by the negligence of another.'" *Chapman*, 167 Vt. at 159, 702 A.2d at 134 (quoting *Morris v. Am. Motors Corp.*, 142 Vt. 566, 576, 459 A.2d 968, 974 (1982)).

> Generally, indemnity will be imputed only when equitable considerations concerning the nature of the parties' obligations to one another or the significant difference in the kind or quality of their conduct demonstrate that it is fair to shift the entire loss occasioned by the injury from one party to another.

*White*, 170 Vt. at 29, 742 A.2d at 737.

> [I]mplied indemnification is usually appropriate only when the indemnitee is vicariously or secondarily liable to a third person because of some legal relationship with that person or because of the indemnitee's failure to discover a dangerous condition caused by the act of the indemnitor, who is primarily responsible for the condition.

*Id.*

Here, the Reppels do not allege that Yared entered into any express indemnity agreement, but they do assert that Yared should indemnify them under a theory of implied indemnification. In his Motion to Dismiss, Yared argues that the Reppels cannot show that they were free from active fault because they permitted him to reside at the Property in violation of the Reppels' lease with the Bissons. The Reppels maintain that their act of allowing Yared to reside at the Property was neither a primary cause nor an active cause of the fire.

The Court concludes that the Reppels' conduct in allowing Yared to reside at the Property might have been a breach of the lease, but it was significantly different in kind and quality from Yared's alleged negligent conduct. If the Reppels are liable to the Bissons, they are liable by reason of a legal relationship with the Bissons—i.e., because of terms in the lease. (*See* Doc. 35 (discussing the Bissons' contract claim).) The Reppels' liability (if any) would not arise from any negligence on their part. (*See* Doc. 21 (dismissing negligence and negligent-supervision claims against the Reppels).)

It may be that the Reppels' decision to allow Yared to reside at the Property was a "necessary precondition" to the fire. (Doc. 53 at 4.) However, the analysis requires the Court to evaluate the "kind or quality" of the parties' conduct. *White*, 170 Vt. at 29, 742 A.2d at 737. Just because the Reppels' decision to allow Yared to reside at the Property might have been a but-for cause of the fire does not mean that it was conduct of the same kind or quality as Yared's alleged negligent conduct. The Reppels' conduct was allowing Yared to reside at the Property in violation of the lease. Yared's conduct was his alleged

negligence in attempting to charge the battery. The Court concludes that those two sets of conduct were significantly different in both kind and quality.

Yared's invitation to imagine a variation on the facts of *DiGregorio v. Champlain Valley Fruit Co.*, 127 Vt. 562, 255 A.2d 183 (1969), is not persuasive. In *DiGregorio*, the Supreme Court concluded that a wholesaler whose employee had inserted a glass thermometer into a banana was required to indemnify a retailer after a retail customer was injured biting into the banana. Yared suggests imagining that the retailer in *DiGregorio* had knowledge of the glass in the banana. If that had been so, then Yared correctly notes that the result in *DiGregorio* might have been different: both the wholesaler and the retailer might have been negligent, and their conduct might have been sufficiently similar to preclude the retailer's right to indemnity. According to Yared, this case is similar because "the Reppels were aware of an alleged defect in the form of Mr. Yared as a person not entitled to reside at the Property for approximately five months prior to the fire." (Doc. 53 at 5.)

Of course the Reppels were aware that Yared was residing at the Property. They might have even been aware that that arrangement was a violation of the lease terms. But—at least based on the present factual allegations—there is no indication that Yared's mere presence at the Property was itself a *dangerous* condition. Just because his presence violated the terms of the lease does not mean that his presence was dangerous. To the extent that this case involves any question about the indemnitee's failure to discover a dangerous condition caused by the act of the indemnitor, the "condition" was not Yared's presence in violation of the lease, but rather the use of the battery charger.

6

There is no suggestion in the present factual allegations that the Reppels were aware of the allegedly negligent use of the charger.

In his Reply, Yared asserts that "it is not clear that a party accused of only a breach of contract may use implied indemnity to pass along its contract liability to a third party under any circumstances." (Doc. 58 at 3.) It is true that the remaining claims against the Reppels are contract claims. As the Court previously noted, the Reppels signed a lease containing the following term:

> Landlord shall be responsible for all repairs and maintenance with respect to the premises *except such repairs and maintenance as are caused by the negligent or deliberate act or omission of the tenant or any other person on the premises*, and except for such repairs specifically excluded elsewhere in this Lease.

(Doc. 26-1 at 4) (emphasis added). In its April 2, 2014 ruling, the Court held that that language (plus other language in the lease) was sufficient for the Bissons to state a claim for contractual indemnification against the Reppels. (Doc. 35 at 2.) If the Bissons should prevail on that contractual-indemnification claim and on their negligence claim against Yared, that event would raise the following question: can a party who is not a tortfeasor, but solely a contractual indemnitor, assert a claim for implied indemnification against the tortfeasor?

Yared's Reply lacks any citation to authority or detailed analysis of that issue. Indeed, the Reply's entire treatment of the question consists of just three sentences. The Court notes the ruling in *Cacioppo v. Boeing Co.*, 379 A.2d 862 (N.J. Super. Ct. Law Div. 1977), but concludes that the question is insufficiently briefed for resolution at this time. *See Alberti v. Cnty. of Nassau*, 393 F. Supp. 2d 151, 167 n.4 (E.D.N.Y. 2005)

(refusing to consider issue as insufficiently briefed). For present purposes, the Court concludes that Yared's Motion cannot be granted on the grounds articulated therein.

## Conclusion

For the reasons stated above, Yared's Motion to Dismiss the Reppels' Cross-Claim for Indemnity (Doc. 53) is DENIED.

Dated at Burlington, in the District of Vermont, this 9th day of July, 2014.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge